JOHN H. WEBSTER *vs.* BENJAMIN K. ADAMS & trustees.

*Judgment—conclusiveness of.*

When an action by trustee process is commenced prior to one by the principal defendant against the trustee, a judgment in the latter action in favor of the trustee is not conclusive upon the plaintiff in the former upon the question of the trustee's discharge.

ON EXCEPTIONS.

DEBT on a judgment, commenced by trustee process against the principal defendant and Joseph Spaulding and Charles B. Foster, and one Titcomb. The trustee, Foster, before a commissioner appointed for that purpose, disclosed, substantially, that he and Spaulding had been partners for many years, under the style of Foster & Spaulding; that on Nov. 30, 1858, the firm made a written contract with the principal defendant, wherein Adams agreed

to put one good six-ox team, and one good four-horse, the next logging season, upon the certain specified township of Foster & Spaulding, and cut and haul, mark and land on the Churchill stream all the pine and spruce said teams could haul that season; that Foster & Spaulding agreed to pay Adams three dollars per thousand, to be surveyed as therein stipulated; that the amount due for the lumber hauled, pursuant to the contract, was $1957.12; that they had paid him, as by the exhibit annexed to their disclosure, $1968.92, together with an additional sum of $700 as by his receipt; and that Adams was further indebted to Foster & Spaulding for a balance due on an operation of 1859–60, of $198.45, and for a horse of the value of $75.

Upon the filing of the disclosure at the March term, 1868, the plaintiff, under R. S., c. 86, § 29, filed certain allegations, and among them, that Adams cut and hauled under the contract a larger quantity of lumber than that disclosed; that the horse was delivered in 1866, in part-payment of the sum due on this operation, but was worth much less than the sum stated; that the sum said to be due on the operation for 1859–60 had been settled; and that the amount named in the receipt is covered by the exhibit. Thereupon the trustees had leave to disclose further.

On March 1, 1867, the principal defendant, Adams, sued Foster & Spaulding on the written contract mentioned in their disclosure, claiming to recover $3000 for the logging operation of 1858–9, after deducting therefrom certain items of credit amounting to $1900. This latter action was duly entered, tried, and a judgment therein entered in favor of the defendants therein, in May, 1869.

The alleged trustees, Foster & Spaulding, thereupon claimed in this action that the judgment in the action, *Adams* v. *Foster*, constituted a bar to any further proceedings by this plaintiff against them in this action, and that they were under no obligation to disclose further, and moved their discharge upon that ground.

The presiding judge held the judgment conclusive upon the plaintiff and, *pro forma*, ordered the trustees, Foster & Spaulding, to be discharged; and the plaintiff alleged exceptions.

*J. H. Webster,* pro se.

*D. D. Stewart,* for Foster & Spaulding.

APPLETON, C. J. This action was commenced Dec. 19, 1866, and served on the trustees before any suit was brought by the defendant against the trustees. The plaintiff, by virtue thereof, acquired a lien upon the indebtedness of the trustees to the principal defendant, if any there was.

By R. S. 1857, c. 86, § 29, as amended by c. 120 of the acts of 1862, " the answers and statements sworn to by a trustee shall be deemed true in deciding how far he is chargeable, until the contrary is proved; but the plaintiff, defendant, or trustee may allege and prove any facts material in deciding that question."

By § 30, " any question of fact, arising upon such additional allegations, may, by consent, be decided by the court, or submitted to a jury in such manner as the court directs."

The plaintiff, in this case, filed additional allegations.

It has been held in *Benner* v. *Dennison,* 36 Maine, 227, that a trustee is to be regarded as a party with rights adverse to the plaintiff. Having commenced his action and acquired a lien on any indebtedness from the trustee to the defendant, the plaintiff had a right to offer proofs and to be heard by himself or counsel before the court or jury, as to the indebtedness of the trustee and as to its amount. This right is given by statute, c. 86, § 30.

Where the trustee suit is subsequent in time to that of the defendant therein against the trustee, the judgment obtained in the suit first, in order of time, would seem to be conclusive, upon the plaintiff in the trustee suit, §§ 56, 57, 58. By the last section, the first suit is to " proceed so far as to ascertain by a verdict, or otherwise, what sum, if any, is due from the defendant." The plaintiff in the trustee suit holds only what is found by a jury or the court to be due. But in the present case, the suit, *Adams* v. *Foster,* was commenced on March 1, 1867, and long after the bringing of the trustee process. In such case, by § 66, " if any alleged trustee is dis-

charged, the judgment shall be no bar to an action brought by the principal defendant against him for the same demand."

Is, then, the judgment, when in favor of the trustee in a suit subsequently brought by the principal defendant against him, conclusive upon the question of his discharge. We think not. The trustee suit was first in time and first in right. The plaintiff in the trustee suit had no right to be a party to the suit subsequently brought, to employ counsel therein, to summon witnesses, or to be heard in its disposition. He had a right to do this in the suit commenced by himself, and the defendant, in the action first commenced, cannot divest him of such existing right by bringing a suit against the trustee.

Further, the action, *Adams* v. *Foster*, related only to the lumbering operations of the winter of 1858–9. These parties were engaged in similar operations in other winters. The judgment had no relation to those operations. It could not, in any event, be a bar to the plaintiff's right to hold the trustees for any indebtedness, the existence of which was not involved in that action, and could not be determined therein.     *Exceptions sustained, and*
                                        *the trustees to answer further.*

CUTTING, KENT, DICKERSON, BARROWS, and TAPLEY, JJ., concurred.